Appeal from Third District.

## WOODWARD v. DALY-WEST MINING CO.

No. 2757.   Decided January 12, 1916.   (154 Pac., 782.)

1. TRIAL—INJURIES TO SERVANTS—INSTRUCTIONS—PLEADING—DAM-AGES. A servant suing for personal injuries alleged in his complaint injuries to his back and spine. On his cross-examination he denied claim for injuries to his ribs. Defendant's witness testified to rib fractures as well as to spinal injuries. The court instructed the jury in awarding damages to consider all the injuries received, and refused to exclude consideration of the rib fractures, in spite of defendant's exception. *Held*, that the injuries to the ribs, being probably concurrent with those to the spine, were covered by the pleadings, so that the submission thereof was not error.   (Page 414.)

2. APPEAL AND ERROR—RESERVATION OF GROUNDS OF REVIEW—EVI-DENCE—DEFENSES. The defendant's evidence having disclosed rib fractures and defendant having failed to object to plaintiff's evidence to such injury, defendant could not urge that the pleadings were insufficient to warrant submission to the jury of the issue of damages for the rib fractures.   (Page 414.)

3. APPEAL AND ERROR—SCOPE OF REVIEW—PRESERVATION OF GROUNDS OF REVIEW. Where defendant merely excepted to the charge given and failed to request withdrawal of the issue of rib fractures from the jury, he could not urge the error, if any, for the first time on appeal.   (Page 415.)

4. APPEAL AND ERROR—SCOPE OF REVIEW—HARMLESS ERROR. Where a servant in his complaint alleged only spinal injuries, but the evidence of both plaintiff and defendant disclosed rib fractures, and defendant failed to request a charge excluding its consideration in awarding damages, but merely excepted to the charge given, which included that issue, and failed to assail the verdict finding its negligence to be the cause of the injuries, the error, if any, in submitting the issue of rib fractures, was harmless, (Page 416.)

Appeal from District Court, Third District; *Hon. T. D. Lewis, Judge.*

Action by William W. Woodward against the Daly-West Mining Company.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*King & Nibley and P. T. Farnsworth, Jr.,* for appellant.

*Evans, Evans & Folland,* for respondent.

FRICK, J.

The plaintiff obtained judgment for damages for personal injuries against the defendant. Defendant appeals.

The plaintiff, in his complaint, after alleging that he was injured through the negligence of the defendant, and after stating the particulars respecting the injuries and how the accident occurred, described his injuries thus:

"That by reason of the premises, the plaintiff received, as he is informed and believes, permanent injuries. That he was rendered temporarily unconscious and was confined to a hospital for a period of about two weeks, during which time he suffered great pain, and that he still continues to so suffer. That he received injuries to his back and spine as a result of which he is disabled and incapacitated for the performance of manual labor, or otherwise engaging in any occupation which requires bodily extertion; all of which injuries the plaintiff is informed and believes to be permanent."

The evidence relating to plaintiff's injuries is substantially as follows: Dr. Le Compte, called on behalf of defendant, said:

"I examined William W. Woodward, shortly after the accident, and found him suffering great pain, a serious bruise on his back, evidence of one, two, or three ribs being fractured, though no examination was made by X-ray. From his condition, as I remember it, I could not determine whether or not the injury was permanent. Owing to the applicant's condition, and swelling, I could not then determine whether there was curvature of the spine produced by the injury. If any curvature of the spine was produced by said injury, I would consider it very unusual if he could thereafter pitch hay, or handle a scraper, or do heavy manual labor."

Dr. Dannenberg, called on behalf of plaintiff, testified that some time after the plaintiff had been injured the witness examined him. As to that examination the doctor said:

"At that time I found that there were three ribs on the right side fractured, also considerable contusion and swelling along the spine and on the side, and he also passed some blood in his urine."

The blood, the doctor said, was "from the kidney." The spine, the doctor testified, "had deviated from the natural curvature. It had deviated considerably, showing considerable—I don't know as you could say depression in the spinal column; it was an abnormal curvature from the natural state." The curvature, the doctor said, seemed to have been caused by a "blow of some kind." The doctor also stated that some of the "ligaments and muscles" in plaintiff's back were "probably torn," and that that condition would "leave more or less permanent injury" to plaintiff's back. The plaintiff, in the course of his testimony, after describing his injuries and the pain suffered by him, also incidentally referred to his fractured ribs. On cross-examination defendant's counsel asked him the following questions, which he answered as indicated:

"Q. By the way, why didn't you say in your complaint in this case anything about three ribs being broken? Didn't you consider that of sufficient importance to mention in the complaint? A. Well, I have had an idea the ribs would get well. Q. That would not affect the proposition that you had three ribs broken. Why didn't you say something about that? A. I didn't think the ribs amounted to anything, to say anything about; I did not think it amounted to enough. Q. You don't claim anything about them? A. No, sir. Q. You don't want any damage for that? A. No, sir."

We remark that all of the foregoing evidence was admitted without objection, and, as we have seen, that part testified to by Dr. Le Compte was produced by the defendant. Upon the question of damages the court instructed the jury as follows:

"If, in view of the evidence and under the instructions of the court, your verdict is in favor of the plaintiff, you will assess his damages, and in doing so you should take into consideration the nature and extent of his injuries, and whether the same are permanent or not, and the physical

pain or suffering, if any, growing out of such injuries, and the effect, if any, upon plaintiff's ability to labor and earn compensation therefor, and, so considering such elements, you should assess such damages as will do justice between the parties. You should not be influenced by sympathy, nor by any supposed wealth or lack of wealth of the parties. In case your verdict is for the defendant, you will so state, no cause of action."

Counsel for defendant excepted to the foregoing instruction "for the reason that the court fails to exclude any damages that may have been suffered by reason of broken or fractured ribs." Counsel further excepted "to that portion of the instruction wherein the jury are told that they may consider the nature and extent of his injuries and the effect thereof and give damages therefor without excluding such damages by reason of broken or fractured ribs."

Upon the foregoing record, defendant's counsel state the question presented for review in the following words:

"The sole question to be decided on this appeal is whether or not instruction No. 18, as given to the jury by the trial court, is a correct statement under the pleadings and record in this cause of the rule of damages applicable and of the elements of damage which the jury should properly consider in assessing the amount due respondent upon a finding in his favor. In view of this situation, we will merely call attention to such evidence as appears to have a bearing on this matter."

It is strenuously insisted that we should reverse the judgment for the reason that the court submitted matters to the jury outside of the issues presented by the pleadings. It is true that there is no express statement in the complaint concerning. fractured ribs. The injuries are, however, described as being to the back and spine. Now, in the **1, 2** absence of any objections either to the complaint or to the evidence, the question is whether alleged injuries to the back and spine are so foreign to injuries to the ribs as to take the injuries to the latter clearly outside of the injuries described in the complaint. That the ribs are attached to portions of the spine, and that they thus are

also a part of the back, are matters of general and common knowledge. It is true that one may sustain an injury to the back without also sustaining an injury to the ribs. But it is more likely that any severe injury to the back, such as the plaintiff sustained by having a mine car fall upon his back, would, or at least might, also injure or affect some part of the ribs. That the defendant was negligent, and that it caused the injuries suffered by the plaintiff, whatever they are, is, for the purpose of this decision, conceded. Indeed, the defendant itself proved that the plaintiff also suffered injuries to three of his ribs. When the plaintiff testified with regard to the injury to the ribs, the defendant offered no objection, and hence the court had a right to assume that its counsel considered the allegations of the complaint sufficiently broad to admit plaintiff's evidence upon that subject. That view was strengthened when the defendant itself offered evidence concerning the fractured ribs. Of course, defendant's counsel now contend that the evidence was offered for the purpose of showing that the injury was not to the back; but the contention is unavailing here, since it offered evidence showing that plaintiff had in fact sustained an injury to his ribs, his back, and his spine, the extent of which its doctor was unable to state.

Defendant's counsel, however, contend that the evidence is conclusive that the plaintiff had waived all damages which he might have sustained by reason of the fractured ribs, and therefore the court should have told the jury to exclude the injury to his ribs from their consideration. That, in view of the record, was a matter that the defendant could not properly raise by merely excepting to the instruction given by the court. Upon the whole record as made, the instruction is not faulty. If therefore the defendant desired to have any portion of plaintiff's injuries withdrawn from the jury, it was its duty to present a proper request for an instruction covering that subject, and, if the court then had refused such request, the defendant could have presented its exception together with the request to this court for review. As the record now stands, therefore, even if it were conceded that the charge as given was erroneous, yet the error is not properly before us.

The judgment should, however, be affirmed for another reason. As we have seen, the defendant, in not assailing the verdict of the jury, in effect concedes its own negligence, and that such negligence was the proximate cause of the injuries complained of, including those to the ribs. Moreover, it, by its own evidence, showed just what those injuries were. If therefore it were conceded that some of those injuries were not clearly or even sufficiently described in the complaint, and that the trial court for that reason should have sustained proper objections, if made upon that ground, yet, in view that no objections were interposed and the defendant itself had produced evidence upon that subject, it cannot now be heard to say that any of its substantial rights were invaded by what occurred at the trial. To reverse judgments under such circumstances would make a mere travesty of justice.

The judgment is therefore affirmed, with costs to plaintiff.

STRAUP, C. J., and McCARTY, J., concur.